UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-cv-20561-KING-BANDSTRA

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

JONATHAN R. CURSHEN,
MICHAEL S. KROME,
DAVID C. RICCI,
RONNY MORALES SALAZAR,
ROBERT L. WEIDENBAUM,
ARIAV "ERIC" WEINBAUM, and
YITZCHAK ZIGDON a/k/a IZHACK ZIGDON,

                Defendants.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND AGAINST DEFENDANT JONATHAN CURSHEN

THIS CAUSE comes before the Court on consideration of plaintiff Securities and Exchange Commission's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment against defendant Jonathan Curshen.

The SEC filed this action against Curshen and others on February 18, 2011. The Complaint alleges that Curshen, a recidivist securities law violator, founded and controlled Red Sea Management Ltd., a Costa Rican-based firm that effected fraudulent stock market manipulation schemes on behalf of its clients. (Complaint, ¶ 1) To perpetrate these schemes, Red Sea required its clients to obtain control over all of the free-trading stock of their issuers and to deposit it in Red Sea brokerage accounts. (Id., ¶ 18) Controlling the float of the stock enabled Red Sea to dominate the market and manipulate the stock's price. (Id.) Trading through

nominee accounts, Red Sea created the false impression that unrelated parties were buying and selling the stock and that the market was deeper than it actually was. (Id.)

The Complaint alleges that in January and February 2007, Curshen perpetrated and participated in a market manipulation of the common stock of CO2 Tech, Ltd. Curshen's two traders, defendants David Ricci and Ronny Salazar, implemented the manipulation by executing illegal "matched orders" with a group of stock promoters in order to increase the price of the stock. (Complaint, ¶ 2) They sold a large quantity of the stock with manipulative buy-side support by the group of stock promoters. (Id., ¶ 54) They engaged in matched orders at increasing prices. (Id., ¶ 55) Curshen was present on Red Sea's trading floor through the first days of this illegal selling activity, interacting with Ricci and Salazar. (Id., ¶ 53) In total, Red Sea generated over $7 million in illegal profits selling CO2 Tech stock. (Id., ¶ 60)

The Complaint alleges that, by his conduct described in the Complaint, Curshen violated Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 (the "Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 [15 U.S.C. §§ 77e, 77q(a), 78j(b); 17 C.F.R. § 240.10b-5].

The day before the Complaint was filed, a grand jury indicted Curshen for the same misconduct alleged in the Complaint. United States v. Curshen, 11-20131-cr-RWG (S.D. Fla.). The grand jury returned a Superseding Indictment on April 28, 2011. On January 31, 2012, the petit jury in United States v. Curshen returned a verdict of guilty against Curshen on all counts charged against him in the Superseding Indictment. On May 14, 2012, the Court in United States v. Curshen entered a final judgment of criminal conviction against Curshen for conspiracy to commit securities fraud in connection with the market manipulation of CO2 Tech stock.

Because of the judgment of criminal conviction, it is appropriate to enter summary judgment against Curshen on grounds of collateral estoppel with respect to the SEC's claims arising from Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5. The SEC is also entitled to summary judgment against Curshen with respect to its claims arising from Section 5 of the Securities Act.

"Collateral estoppel bars a defendant who is convicted in a criminal trial from contesting this conviction in a subsequent civil action with respect to issues necessarily decided in the criminal trial." United States v. Jean-Baptiste, 395 F.3d 1190, 1194 (11th Cir. 2005). Accord Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568 (1951)("[i]n the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment"); In re Bilzerian, 153 F.3d 1278, 1282 (11th Cir. 1998)("[defendant's] criminal conviction for securities fraud established that he made a false statement on which a reasonable investor would have relied").

The use of a criminal conviction as conclusive of an issue in subsequent civil litigation is well established. Raiford v. Abney, 695 F.2d 521, 523 (11th Cir. 1983); Plaintiff B v. Francis, Case No. 5:08-cv-79/RS-AK, 2010 WL 497375, at *2 (N.D. Fla. Feb. 5, 2010). This conclusive effect of a criminal conviction is not suspended by an appeal. Jaffree v. Wallace, 837 F.2d 1461, 1467 (11th Cir. 1988)("[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal")(quoting C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4433, at 308 (1981 ed.)); Federal Trade Commission v. Slimamerica, Case No. 97-cv-6072, 2011 WL 882109, at *3 (S.D. Fla. Mar. 9, 2011)("[t]he conclusive effect of a prior judgment is not suspended by the pendency of an

appeal"); Pincus v. Law Offices of Erskine & Fleisher, 617 F. Supp. 2d 1265, 1269 (S.D. Fla. 2009)(appeal of a court decision does not limit the preclusive effect of the decision).

This Court has reviewed the judgment of criminal conviction against Curshen, the Superseding Indictment against Curshen and others, and the instructions read to the jury in the criminal trial of United States v. Curshen. Such review convinces this Court that: the issues determined against Curshen are "identical in both the prior and current action;"[1] the issues were "actually litigated" in the criminal trial; the determination of those issues was "critical and necessary to the judgment in the prior action;" and the burden of persuasion in the criminal case was "significantly heavier" than it is here. See United States v. Jean-Baptiste, 395 F.3d at 1195.

The judgment of criminal conviction establishes that Curshen engaged in a conspiracy to commit securities fraud, mail fraud and wire fraud in violation of 18 U.S.C. § 371. According to the Superseding Indictment, the purpose of the conspiracy was: (1) to have free trading shares of CO2 Tech stock issued; (2) to engage in the fraudulent manipulation of CO2 Tech stock by artificially inflating the market price and demand for CO2 Tech stock; (3) to divert the proceeds of the fraud for the personal use and benefit of the defendants and others; and (4) to conceal the defendants' and their coconspirators' involvement in the fraudulent manipulation of CO2 Tech stock. (Superseding Indictment, Count I, ¶ 3) The Superseding Indictment then goes into detail about how Curshen and others implemented the conspiracy. Curshen is collaterally estopped from contesting the same allegations against him in this civil case. Summary judgment is appropriate with respect to the SEC's claims of securities fraud arising from Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and SEC Rule 10b-5.

---

[1] Indeed, in a prior Order, this Court described United States v. Curshen as a "criminal action against the same Defendant based on identical facts" as the SEC's Complaint. [Docket No. 43]

4

In addition, summary judgment is warranted against Curshen with respect to the SEC's claim under Section 5 of the Securities Act. To prove a violation of Section 5, the SEC must demonstrate:

> (1) that no registration was in effect for the securities in question; (2) that the defendants either directly or indirectly sold or offered to sell the securities; and (3) that interstate transportation or communication were used in connection with the sale or offer of sale.

SEC v. Rosen, Case No. 01-369-cv, 2002 WL 34421029, at *3 (S.D. Fla. Feb. 22, 2002), aff'd in part, SEC v. Calvo, 378 F.3d 1211 (11th Cir. 2004). Accord SEC v. Friendly Power Co., 49 F. Supp. 2d 1363, 1367 (S.D. Fla. 1999); SEC v. Cavanagh, 445 F.3d 105, 111 n.13 (2d Cir. 2006)(quoting European & Overseas Commodity Traders, S.A. v. Banque Paribas London, 147 F.3d 118, 124 n.4 (2d Cir. 1998)).

A defendant directly or indirectly sold or offered to sell securities "if it can be shown that he was a 'necessary participant' or a 'substantial factor' in the offering or selling of the unregistered securities." SEC v. Friendly Power Co., 49 F. Supp. 2d at 1372 (quoting SEC v. Holschuh, 694 F.2d 130, 139 (7th Cir. 1982)). Accord SEC v. Calvo, 378 F.3d 1211, 1215 (11th Cir. 2004); SEC v. Connectajet.com, 3:09-cv-1742-B, 2010 WL 2484280, at *3 (N.D. Tex. June 17, 2010).

Curshen's criminal conviction, read in conjunction with the Superseding Indictment, establishes that Curshen was a necessary participant and substantial factor in the offer and sale of the securities of CO2 Tech and that interstate transportation or communication were used in connection with such offer and sale. At his direction and under his supervision, his firm, Red Sea, offered and sold CO2 Tech stock through market makers in the United States. He is therefore collaterally estopped from contesting these two elements of Section 5 liability. With

respect to the remaining element, in its summary judgment papers filed on February 24, 2012, the SEC submitted evidence that the securities of CO2 Tech were not registered with the SEC. (SEC Appendix at A205) Curshen has not proffered counter-evidence with respect to this factual issue, and therefore, it is not in genuine dispute. Thus, all three elements of Section 5 liability have been satisfied as to Curshen.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is ORDERED and ADJUDGED that summary judgment be, and the same is hereby, ENTERED in favor of Plaintiff Securities and Exchange Commission and against Defendant Jonathan Curshen as to Curshen's liability under Section 5 and 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5. This Opinion and Order does NOT address the relief to be awarded the SEC as against Curshen. Such relief will be determined in future proceedings ordered by the Court.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 1st day of June, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record