UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-cv-20561-KING

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JONATHAN R. CURSHEN,
MICHAEL S. KROME,
DAVID C. RICCI,
RONNY MORALES SALAZAR,
ROBERT L. WEIDENBAUM,
ARIAV "ERIC" WEINBAUM, and
YITZCHAK ZIGDON a/k/a IZHACK ZIGDON,

        Defendants.

## FINAL JUDGMENT AGAINST RONNY MORALES SALAZAR

THIS CAUSE comes before the Court on consideration of plaintiff Securities and Exchange Commission's motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for default judgment against defendant Ronny Morales Salazar. The Clerk entered a default against Salazar on February 1, 2012. After a careful review of the record and the Court being otherwise fully advised, it is

### I.

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, ENTERED in favor of Plaintiff Securities and Exchange Commission and against defendant Ronny Morales Salazar.

## II.

ORDERED, ADJUDGED, AND DECREED that Salazar and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instruments of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

ORDERED, ADJUDGED AND DECREED that Salazar and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77q(a)], by using any means or instruments of interstate commerce, or of the mails, or of any facility of any national securities exchange, in the offer or sale of any security:

(a) to employ any device, scheme or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

ORDERED, ADJUDGED AND DECREED that Salazar and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Securities and Exchange Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration

statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

V.

ORDERED, ADJUDGED AND DECREED that Salazar is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

VI.

ORDERED, ADJUDGED AND DECREED that Salazar is liable for disgorgement of $5,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,378, for a total of $6,378. Salazar shall satisfy this obligation by paying $6,378 within fourteen days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Salazar as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Salazar shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Salazar relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Salazar. The Clerk shall deposit the funds into an interest-bearing account with the Court Registry Investment System ("CRIS") or any other type of interest-bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in

the interest-bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. Salazar shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

ORDERED, ADJUDGED AND DECREED that Salazar shall pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 77t(d), 78u(d)(3)]. Salazar shall make this payment within fourteen days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, N.E., Stop 6042, Washington, D.C. 20549, and shall be accompanied by a letter identifying Salazar as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Salazar shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

ORDERED, ADJUDGED and DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 1st day of June, 2012.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record